## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

IN RE:

TAMMY RENEA POGUE                          CASE NO.: 11-10958(1)(7)

_____Debtor_____

TAMMY RENEA POGUE                          AP NO.: 11-1036

                    Plaintiff

vs.

THE MEDICAL CENTER OF
   BOWLING GREEN

_____Defendant_____

### MEMORANDUM-OPINION-ORDER

This matter is before the Court on the Motion for Summary Judgment filed by Plaintiff/Debtor Tammy Renea Pogue ("Debtor") and the Response to the Motion for Summary Judgment filed by Defendant The Medical Center of Bowling Green.  The Court reviewed the filings of the parties and determines that there are no genuine issues of material fact and that summary judgment in favor of the Debtor is warranted as a matter of law.

Debtor filed her Complaint on July 7, 2011 claiming a preference pursuant to 11 U.S.C. §547 regarding wages garnished by the Defendant.  Debtor claimed an exemption on these funds pursuant to 11 U.S.C. §522.   There is no dispute that in the 90 days

immediately prior to the filing of the Debtor's Voluntary Petition, the Defendant garnished funds in the sum of $1,339.11 from the Debtor's wages. The funds were taken on account of an antecedent debt owed by the Debtor prior to the time of the transfer and while Debtor was insolvent.

Defendant returned $140.20 but refuses to return the balance of $1,189.91. The Defendant has no legal basis to refuse the return of the remaining garnished funds. Defendant contends the funds should not be returned until entry of the Debtor's discharge and based on the fact that the Trustee has not requested that the funds be returned. Under *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992), the 30 day time period for the Trustee to object to the Debtor's claimed exemption in the funds has passed, nor is there any basis for Defendant's retention of the funds while Debtor is in this bankruptcy. The Defendant must return the $1,189.91 in its possession within ten (10) days of the date of this Order.

The Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that no genuine issues of material fact exist and the Plaintiff is entitled to judgment as a matter of law. Within ten (10) days of the date of this Order, Defendant The Medical Center of Bowling Green shall return $1,189.91 to Plaintiff/Debtor Tammy Renea Pogue.

Joan A. Lloyd
United States Bankruptcy Judge

Dated:  September 2, 2011